UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GREGORY RUSHING,

        Petitioner,                        Case Number: 04-74322

v.                                           HONORABLE GERALD E. ROSEN

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR
## WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND
## DENYING MOTION TO HOLD PETITION IN ABEYANCE

Petitioner Gregory Rushing has filed a *pro se* petition for a writ of habeas corpus, under 28 U.S.C. § 2254. Petitioner is currently incarcerated at Ryan Correctional Facility in Detroit, Michigan, pursuant to a conviction for first-degree felony murder. For the reasons which follow, the Court concludes that the petition presents only an unexhausted claim and dismisses the petition without prejudice. The Court further denies Petitioner's motion to hold the petition in abeyance.

### I. Procedural History

Petitioner was convicted by jury of first-degree felony murder on June 27, 2000, in Wayne County Circuit Court. He was sentenced on July 11, 2000 to mandatory life without parole. He filed an appeal of right, and the Michigan Court of Appeals affirmed his conviction in an unpublished *per curiam* opinion on July 9, 2002. *People v. Rushing,* 2002 WL 1482596 (Mich. App. July 9, 2002). Petitioner's Delayed Application for Leave to Appeal was denied by the Michigan Supreme Court on February 28, 2003. *People v.*

*Rushing*, 468 Mich. 853; 658 N.W.2d 489 (2003).

On January 20, 2004, Petitioner filed a "Motion for Relief from Judgment" in Wayne County Circuit Court pursuant to the post-appeal provisions of Michigan Court Rules 6.500 et seq.

On November 5, 2004, while the Motion for Relief from Judgment was still pending, Petitioner filed the current petition,[1] raising the following claim:

> Petitioner therefore requests that this Court issue a writ of habeas corpus, holding that the trial court's reliance upon the codefendant's confession as substantive evidence against petitioner violated his rights under the Confrontation Clause of the Sixth Amendment ...[Petition for Writ of Habeas Corpus, p 5, para 14].

On February 2, 2005, while the federal petition for writ of habeas corpus was pending, the trial court dismissed the Motion for Relief from Judgment without prejudice. In the same order, the trial court appointed counsel for Petitioner and directed that counsel "may refile the same motion, file a substitute motion, or an amended motion, in his discretion." *People v. Rushing*, No. 99-008744-01(Wayne County Circuit Court, Judge Brian Sullivan, February 2, 2005).

On May 2, 2005, Respondent filed an Answer in Opposition to Petition for Writ of Habeas Corpus. Respondent argued that Petitioner had failed to fairly present his claim in the state appellate courts as a federal constitutional violation, having only alleged errors of state law in his brief to the Michigan Court of Appeals and to the Michigan Supreme Court. Respondent also contested the merits.

---

[1] Note that the United States Supreme Court recently suggested that prisoners who are confused about the timing effects of their state filings could file a "protective" petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *Pace v. DiGuglielmo*, __U.S.__; 125 S.Ct. 1807, 1813-1814 (2005), citing *Rhines v. Weber*, 125 S.Ct. 1528, 1531; 161 L.Ed.2d 440 (2005).

On May 20, 2005, Petitioner filed a Reply to Respondent's Answer in Opposition. Although Petitioner reiterated his federal constitutional claim, he did not dispute that the claim had been presented in the Michigan appellate courts only as a question of state law. Rather, he asserted that, if this Court found that the issue had not been exhausted below, this was due to ineffective assistance of appellate counsel, which, he argued, would constitute "cause and prejudice."

On June 7, 2005, Petitioner filed a Motion to Hold Petition in Abeyance or Stayed Pending Exhaustion of State Post-Conviction Relief from Judgment.  Petitioner explained that the attorney whom the Wayne County Circuit Court had appointed to refile his Motion for Relief from Judgment had withdrawn, without having filed anything, and that he was waiting for new counsel to be appointed.  Petitioner argued that, by the time the Motion for Relief from Judgment is refiled, he would be barred by the one-year statute of limitation in 28 U.S.C.§ 224(d)(1) from filing a federal petition with the exhausted claim(s).[2]  Attached to this pleading was a copy of the Order Granting Motion to Withdraw, dated May 10, 2005 *People v. Rushing*, No. 99-008744-01(Wayne County Circuit Court, Judge Edward Ewell, May 10, 2005).  Also attached is a letter from the appointed attorney, Gary Strauss, dated May 26, 2005, informing Petitioner that the Motion to Withdraw had been granted, and that, "[I]t is my understanding that Wayne County will appoint a new attorney."

## II.  Analysis

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c);

---

[2] According to this Court's calculation, the last date for filing would be 6/19/05.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  A prisoner "'fairly presents his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns."  *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also Prather v. Reese*, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").  The petitioner bears the burden of showing that state court remedies have been exhausted.  *Rust*, 17 F.3d at 160.

Although the Rule 5 materials[3] have not yet been filed, there seems to be no dispute but that Petitioner's current claim was not presented to the Michigan appellate courts as a federal claim.  This is evident from the pleadings of both Petitioner and Respondent, their virtually identical phrasing of the issues presented to the Michigan Court of Appeals, and the opinion of the Michigan Court of Appeals.  While normally this Court would wait for the Rule 5 materials before addressing the exhaustion question, Petitioner's motion to hold the petition in abeyance and his current status in the state trial court make more immediate action reasonable.

This Court cannot grant Petitioner's motion to hold the petition in abeyance.  Where a petition is "mixed," containing both exhausted and unexhausted claims, the federal district court has discretion to stay the petition to allow the petitioner to present the unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Rhines v. Weber*, __U.S.__; 125 S.Ct. 1528; 161 L.Ed.2d 440 (2005); *Griffin v. Rogers*, 308

---

[3]Rule 5, Rules Governing Section 2254 cases.

F.3d 647, 652, n.1 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). If a stay and abeyance were not available, virtually no petitioner could return to federal court before being time barred by the AEDPA's[4] one year statute of limitations, 28 U.S.C. 2244(d)(1). *Rhines v. Weber*, 125 S.Ct. At 1533-34. Although this limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral relief," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001).

This remedy is not available to Petitioner, because he did not file a "mixed" petition, but only the one claim. The petition thus contains no exhausted claims over which the Court may retain jurisdiction.

There is however, an equitable remedy available to Petitioner. In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id.* The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Petitioner acted promptly in filing his Motion for Relief from Judgment in the state

---

[4] Antiterrorism and Effective Death Penalty Act of 1996.

court, and in filing his petition in this Court.  State remedies are still available to him:  The trial court clearly anticipates the refiling of a Motion for Relief from Judgment, and this would allow Petitioner to exhaust the current claim, and possibly others.  The timing problems are not of Petitioner's making, but are rather the result of the trial court dismissing the Motion for Relief from Judgment without prejudice, instead of simply allowing the newly appointed counsel to amend or supplement the motion.[5]  Nor can this Court conclude that the claim in his petition is meritless.

For these reasons, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove*.  The court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, until Petitioner returns to federal court.  This tolling of the limitations period is contingent upon Petitioner complying with the conditions indicated below.

### 1.  Conclusion

Accordingly, for the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from November 5 2004, until the time Petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner files a Motion to Expedite Appointment of Substitute Counsel in Wayne County Circuit Court within 14 days of the date of this order; that he files the Motion for Relief from Judgment in Wayne County Circuit Court within 60 days of the order appointing or denying substitute counsel; and that

---

[5] Mich. Ct. Rule 6.502(F) provides that, "The court may permit the defendant to amend or supplement the motion [for relief from judgment] at any time."

he returns to this court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

    SO ORDERED

                      s/Gerald E. Rosen
                      Gerald E. Rosen
                      United States District Judge

Dated:  June 28, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 28, 2005, by electronic and/or ordinary mail.

                      s/LaShawn R. Saulsberry
                      Case Manager