## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GREGORY RUSHING,

                    Petitioner,                        Case Number: 2:04-CV-74322

v.                                       HONORABLE GERALD E. ROSEN

RAYMOND BOOKER,

                    Respondent.

_____/

### OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

       Petitioner Gregory Rushing has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. Petitioner challenges his first-degree felony murder conviction on the ground that admission of his co-defendant's confession at their joint trial violated Michigan Rule of Evidence 803 and the Confrontation Clause. For the reasons set forth below, the Court denies the petition.

**I.**      **Facts**

       Petitioner's conviction arises from the kidnapping and murder of Kenny Ward in the city of Detroit on August 9, 1999. Lisa Wimbley, a friend of Petitioner's suspected Ward had sexually abused her young daughter. She and her husband "Punch" were unsatisfied with the police response to their allegations. The Wimbleys, their neighbor Anthony Williams (Petitioner's co-defendant), and Petitioner decided to teach Ward a

lesson.  They found him at Sonja O'Neal's house on August 7, 1999.  Ward refused to

leave O'Neal's home with the group.  O'Neal observed Petitioner take Ward's arm and

pull him, protesting, into the group's camper.  O'Neal testified that Petitioner told Ward

he was wrong for what he did.  Inside the camper, Lisa Wimbley, Williams, and

Petitioner took turns hitting Petitioner with Punch Wimbley's cane.  After beating Ward,

he was released from the camper with the admonition to leave Detroit.

Upon his release, Ward checked into Henry Ford Hospital.  He was released the

next day.  Instead of heeding the warning to leave Detroit, Ward was driven by Terry

Blakely from the hospital to his manager's house (Ward was an aspiring musician).

Blakely later went to retrieve Ward from his manager's house.  After Ward entered

Blakely's car, Petitioner drove up behind Blakely's car.  Williams and Lisa Wimbley

were in Petitioner's vehicle.  Williams and Wimbley opened the door to Blakely's car and

Petitioner pulled Ward out of the car and placed Ward in his own car.  Ward's body was

found the next day.  The cause of death was multiple blunt force trauma, ligature

strangulation, and a gunshot wound to the chest.

## II.    Procedural History

Petitioner was convicted by a jury in Wayne County Circuit Court of first-degree

felony murder and kidnapping.  On July 11, 2000, he was sentenced to life in prison for

the murder conviction and forty to eighty years for the kidnapping conviction.  The trial

court later vacated the kidnapping conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals.  He raised

2

these claims:

I.    The court below committed reversible error by admitting in evidence co-defendant Anthony Williams' confession to the police as substantive evidence of Gregory Rushing's guilt, even though Mr. Williams was available to and in fact did testify.

    A.    Mr. Williams' confession would not have been admissible as a "statement against interest" even if he had been unavailable to testify, because it was solicited by the police while he was in custody, under arrest for murder.

    B.    Because the confession was not reliable enough to qualify as a "statement against interest" within the meaning of M.R.E. 804(B)(3), it of course did not bear the extra indicia of reliability that would have been necessary for admissibility under the "catch-all" hearsay exception of M.R.E. 803(24).

    C.    The error was not harmless.

II.    Because there was a plausible view of the evidence that Mr. Rushing beat Kenny Ward but had no part in his killing, felonious assault was a cognate lesser offense of the murder charges, and it was reversible error for the trial judge to refuse Mr. Rushing's request to instruct the jury on it.

The Michigan Court of Appeals affirmed the conviction. *People v. Rushing*, No. 231395, 2002 WL 1482596 (Mich. Ct. App. July 9, 2002).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the first claim raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Rushing*, 468 Mich. 853 (Mich. Feb. 3, 2003).

On January 24, 2004, Petitioner filed a motion for relief from judgment in the trial court. While the motion was still pending, Petitioner filed a habeas petition raising a

3

Confrontation Clause claim.  On February 2, 2005, the trial court dismissed Petitioner's motion for relief from judgment without prejudice and appointed counsel.  On June 28, 2005, this Court issued an opinion and order dismissing the petition without prejudice because it contained only a single, unexhausted claim.

Appointed counsel filed a motion for relief from judgment in the trial court in September 2005.  The trial court denied the motion in November 2005.  In August 2006, Petitioner filed a motion to dismiss counsel and a motion for a new trial.  No ruling on that motion is reflected on the circuit court's docket sheet.

In December 2006, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals dismissed the application because it was filed before the circuit court entered an order deciding Petitioner's motion. *People v. Rushing*, No. 275218 (Mich. Ct. App. Apr. 5, 2007).  The Michigan Supreme Court denied Petitioner's application for leave to appeal.  *People v. Rushing*, 479 Mich. 868 (July 30, 2007).

Petitioner then returned to federal court to reopen his habeas petition.  The Court granted the request.  The petition raises a single claim for relief: admission of co-defendant's confession violated Michigan Rules of Evidence and the Confrontation Clause.  Respondent has filed an answer in opposition.

4

**III.    Standard**

28 U.S.C. § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).  "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's

decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).  "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams,* 529 U.S. at 412.  Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of

6

lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV.   Discussion

Petitioner seeks habeas relief on the ground that the admission of his co-defendant Anthony Williams' custodial statement violated Michigan Rules of Evidence and his rights under the Confrontation Clause.

It is well-established that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), *quoting Louis v. Jeffers*, 497 U.S. 764, 780 (1990). The Sixth Circuit has held that "[i]n a federal habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith*, 663 F.2d 22, 23 (6th Cir. 1981). Therefore, Petitioner's claim that the trial court violated Michigan Rules of Evidence is not cognizable on federal habeas review.

Petitioner's claim that admission of this testimony violated the Confrontation Clause is also meritless. The Confrontation Clause of the Sixth Amendment provides: "In

7

all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. Const. amend. VI.  "The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment."  *Pointer v. Texas*, 380 U.S. 400, 403 (1965).  The rights of confrontation and cross-examination "have ancient roots" which the "Court has been zealous to protect . . . from erosion."  *Id.*, at 404-05 (internal quotation omitted).  The right to a trial by jury is predicated upon the belief "'that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross examination, and of counsel.'"  *Id.* at 405, *quoting Turner v. State of Louisiana*, 379 U.S. 466, 472-73 (1965).

In *Crawford v. Washington*, 541 U.S. 36, 68 (2004), the Supreme Court held that out-of-court statements that are testimonial in nature are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity for cross-examination regardless of whether the trial court finds the statements to be reliable. In this case, co-defendant Williams testified at trial and was extensively cross-examined by Petitioner's attorney.  "[N]one of [the Supreme Court's] decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial."  *California v. Green*, 399 U.S. 149, 161 (1970).  On the contrary, "where the declarant is not absent, but is present to testify and submit to cross-examination, our cases, if anything, support the conclusion that the admission of

8

[the witness's] out-of-court statements does not create a confrontation problem." *Id.* at 162. This rule survives *Crawford*. *Crawford*, 541 U.S. at 59 n.9. Accordingly, the Court concludes that Petitioner is not entitled to habeas relief on this claim.

## V.    Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## VI.    Conclusion

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is

**DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and

leave to appeal *in forma pauperis* is also **DENIED.**


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  November 21, 2012

I hereby certify that a copy of the foregoing document was served upon parties or counsel
of record on November 21, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager